IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
NARDA J. CHRASTIL,            )
                              )
          Plaintiff,          )        4:08CV3134
                              )
     v.                       )
                              )
MICHAEL J. ASTRUE,            )        MEMORANDUM OPINION
Commissioner of the Social    )
Security Administration,      )
                              )
          Defendant.          )
_____)
```

      This is an action under 42 U.S.C. § 1383(c)(3) for judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA"). The Commissioner has determined that plaintiff's disability ceased on August 1, 2005, and her entitlement to the payment of supplemental security income ("SSI") benefits terminated on October 31, 2005 (Tr. 6-8, 25). After a thorough review of the record, the parties' briefs, and the applicable law, the Court finds the Commissioner's decision should be reversed and the matter remanded for reinstatement of plaintiff's SSI benefits.

## I. BACKGROUND

      Plaintiff was born on February 8, 1961 (Tr. 95). She received an eleventh grade education, some of which was special education, and reported that she last worked in 1998 in the packaging business (Tr. 114, 119, 455-56).

On April 29, 1999, plaintiff applied for SSI benefits under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381, et seq., claiming disability based in part on Kippel-Feil Syndrome (Tr. 95-96, 29).  The SSA initially denied the claim, but upon reconsideration, awarded SSI benefits beginning April 1, 1999, based on findings that plaintiff suffered from an organic mental disorder and borderline intellectual functioning (Tr. 28-29).

Thereafter, the SSA conducted a review of plaintiff's eligibility for SSI benefits (Tr. 41).  In a letter dated August 4, 2005, the SSA notified plaintiff that it had determined she was no longer disabled due to medical improvement and benefits would be terminated as of October 31, 2005 (Tr. 41-44).  The determination was affirmed upon plaintiff's request for reconsideration (Tr. 47-59).

Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), which was held on October 10, 2006 (Tr. 60-61, 432-88).  In a decision dated September 25, 2007, the ALJ determined plaintiff was no longer disabled, and her entitlement to SSI benefits terminated on October 31, 2005 (Tr. 16-25).  The ALJ's decision became the final decision of the Commissioner (Tr. 6-8), and plaintiff sought judicial review of the decision in this Court.

## II. STANDARD OF REVIEW

The Court reviews the record ". . . to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole." *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000)(quoting *Clark v. Apfel*, 141 F.3d 1253, 1255 (8th Cir. 1998)). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Prosch*, 201 F.3d at 1012. "[The Court] may not reverse the Commissioner's decision merely because substantial evidence supports a contrary outcome." *Id.* (quoting *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999)).

## III. DISCUSSION

The review process used to determine whether a claimant continues to be disabled is set out in 20 C.F.R. § 416.994(b)(5). Under § 416.994(b)(5), the SSA must consider the following evaluation steps in sequential order in determining whether the claimant's disability has ceased: (1) whether the claimant has an impairment or combination of impairments that meets or equals the severity of a listed impairment, (2) whether there has been medical improvement,[1] (3) if there has been medical improvement,

---

[1] Medical improvement is "any decrease in the medical severity of [claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [claimant was] disabled or continued to be disabled." 20 C.F.R. § 416.994(b)(1)(i). "A determination that there has been a decrease in medical severity must be based on changes

whether it is related to the claimant's ability to do work,[2] (4) if there has not been medical improvement or medical improvement is not related to the claimant's ability to do work, whether any exception to medical improvement applies, (5) if there has been medical improvement related to claimant's ability to do work, whether claimant's current impairments are severe, (6) if claimant's impairments are severe, whether claimant has the residual functional capacity to perform past relevant work activity, and (7) if claimant is unable to do past work, whether claimant can perform other work given claimant's residual functional capacity, age, education, and past work experience. If a claimant can perform other work, claimant's disability will be found to have ended.  *Id.*  If a claimant cannot perform other work, claimant's disability will be found to continue.  *Id.*

In this case, the ALJ generally followed the stated analysis and found plaintiff was no longer disabled because she was capable of performing other work under step seven (Tr. 16-25).  Plaintiff claims the ALJ's finding is not supported by substantial evidence and asserts four arguments on appeal: (1) the ALJ erred when he relied on Dr. Arias's conclusion that plaintiff was a malingerer, (2) the ALJ failed to properly

---

(improvement) in the symptoms, signs and/or laboratory findings associated with [claimant's] impairment(s)."  *Id.*

[2] Medical improvement is related to a claimant's ability to do work if there has been medical improvement and an increase in claimant's functional capacity to do basic work activities.  20 C.F.R. § 416.994(b)(1)(iii)-(iv).

evaluate plaintiff's pain in assessing her residual functional capacity, (3) the ALJ's hypothetical question was not supported by substantial evidence, and (4) the ALJ erred when he found plaintiff was capable of performing other work.  The Court finds plaintiff's fourth argument is meritorious and requires reversal of the Commissioner's determination that plaintiff's disability ceased.  Thus, the Court does not address plaintiff's remaining arguments.

In finding plaintiff was capable of performing other work, the ALJ first assessed plaintiff's residual functional capacity ("RFC") and concluded that as of August 1, 2005:

> [plaintiff] could occasionally lift/carry items weighing 20 pounds; frequently lift/carry items weighing up to 10 pounds; sit for 6 hours during an 8-hour workday; stand/walk for 6 hours during an 8-hour workday; and occasionally perform postural activities such as bending, stooping, kneeling and squatting (although she cannot climb ladders or scaffolds).  She cannot reach above shoulder level, and should not be required to look up or raise her head beyond a normal front gaze level.  She should also avoid exposure to concentrated cold, vibrations, heights or moving machinery.  She can understand and remember short and simple instructions, complete a normal workday without interruptions from psychologically based symptoms, and has the capacity to learn simple work activities within a short period of time.  However, she is moderately limited in her ability to interact appropriately with the general

    public, and would have a difficult
    time setting realistic goals and
    responding appropriately to changes
    in the workplace.

(Tr. 21). The ALJ found this RFC did not allow plaintiff to perform her past relevant work,[3] but based on testimony from a vocational expert, the ALJ concluded plaintiff was not disabled under step seven because she could perform the following occupations that existed in significant numbers in the national economy: order clerk (DOT 209.567-014), account clerk (DOT 219.587-010), light assembler (DOT 706.684-022), and sedentary assembler (DOT 713.687-018) (Tr. 22-23).

  Plaintiff claims the ALJ's finding is not supported by substantial evidence because her ability to perform sedentary and light employment is severely eroded, and the ALJ failed to resolve an apparent conflict that existed between the vocational expert's testimony and information in the Dictionary of Occupational Titles ("DOT").

  Even if the Court assumes the ALJ properly assessed plaintiff's RFC, the ALJ's finding that plaintiff was able to perform other work is not supported by substantial evidence. Foremost, as recognized by the ALJ, due to limitations in plaintiff's RFC, plaintiff's "occupational base for even sedentary work continues to be significantly eroded." (Tr. 23).

---

[3] Because the ALJ found plaintiff was not able to engage in her past relevant work, the burden shifted to the SSA to prove plaintiff was capable of performing other work. *See Thompson v. Bowen*, 850 F.2d 346, 348 (8th Cir. 1988).

This fact, while not conclusive, indicates that plaintiff continues to be disabled. *See* SSR 96-9p, *Implications of a Residual Functional Capacity for Less than a Full Range of Sedentary Work*, 1996 WL 374185, at *1 (stating that an RFC for less than a full range of sedentary work reflects serious limitations and is expected to be relatively rare). Further, the vocational expert's testimony does not support the ALJ's finding that plaintiff could perform other work.

      Before an ALJ can rely on testimony of a vocational expert to support a disability determination, the ALJ must identify and obtain a reasonable explanation for any conflict between evidence provided by the vocational expert and information contained in the DOT, including its companion publication, the Selected Characteristics of Occupations ("SCO"). SSR 00-4P, *Use of Vocational Expert and Vocational Specialist Evidence, and Other Reliable Occupational Information in Disability Decisions*, 2000 WL 1898704, at *1-4. Here, there was an apparent conflict between the vocational expert's testimony and the SOC, which the ALJ did not identify or resolve. According to the SCO, all of the occupations identified by the vocational expert require frequent or constant reaching. *See* DICOT 209.567-014, 1991 WL 671794; DICOT 219.587-010, 1991 WL 671989; DICOT 706.684-022, 1991 WL 679050; DICOT 713.687-018, 1991 WL 679271. The SCO defines reaching as "[e]xtending hand(s) and arm(s) in any direction." *Segovia v. Astrue*, 226 Fed. Appx.

801, 804 (10th Cir. 2007)(unpublished)(quoting SCO at C-3)(emphasis omitted). In contrast, plaintiff's RFC precludes her from reaching above her shoulders at any time (Tr. 21, 476). Thus, the vocational expert's testimony that plaintiff could perform the stated occupations despite her inability to reach above her shoulders conflicted with information in the SCO.[4]

The government contends the vocational expert's testimony was not inconsistent with information in the SCO because the SCO does not separately classify overhead reaching, and therefore, the jobs identified by the vocational expert do not necessarily require overhead reaching. The Court finds this argument unavailing in light of the total lack of evidence to support such a finding. Although, the vocational expert was aware of plaintiff's inability to reach over her shoulders, he did not offer any testimony to support a finding that the jobs he identified never included the requirement of reaching above shoulder level despite the SOC descriptions. The ALJ was required to identify and resolve this conflict, and because the ALJ failed to do so, he was not entitled to rely on the vocational expert's testimony. Absent this testimony, the Court

---

[4] The Court notes that there appear to be additional, less glaring, conflicts between information in the SOC and the vocational expert's testimony. For example, the SCO describes the occupation described in DOT 219.587-010 as requiring Level 3 reasoning and Level 3 math. *See* DICOT 219.587-010, 1991 WL 671989. These requirements appear to be beyond plaintiff's RFC.

finds the ALJ's determination that plaintiff can perform other work is not supported by substantial evidence in the record.

Accordingly, the ALJ's finding that plaintiff's disability ceased on August 1, 2005, is not supported by substantial evidence.  The Commissioner's determination that plaintiff's entitlement to SSI benefits terminated is reversed, and the matter is remanded for reinstatement of plaintiff's SSI benefits.  A separate order will be entered in accordance with this memorandum.

DATED this 1st day of October, 2009.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court